994 F.2d 843
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Winston BROWN, Appellant.
 No. 93-1312.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 6, 1993.
Filed: May 11, 1993.
 
 Before McMILLIAN, WOLLMAN and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Winston Brown appeals from the final judgment entered in the United States District Court[1] for the Western District of Missouri ordering that Brown be committed to the custody of the Attorney General under 18 U.S.C. § 4245. For reversal, Brown argues that he was not given an opportunity to participate in the proceedings. We affirm.
 
 
 2
 The government petitioned the district court for a hearing on the present mental condition of Winston Brown, asserting that Brown was suffering from a mental disease or defect and was in need of custody for care or treatment. Brown is serving a sentence of imprisonment for drug and weapons offenses and is incarcerated at the federal medical facility in Springfield, Missouri. The government attached a psychiatric report from Dr. Eduardo Ulloa, who reported that Brown was uncooperative and unable to give his past medical or psychiatric history. Brown indicated in writing that he was unable to speak or hear. Dr. Ulloa reported on Brown's history of being uncooperative and his refusal to allow any physical examinations, laboratory tests, or psychological testing. Upon his transfer to Springfield, Brown continued to refuse any testing. Dr. Ulloa stated that Brown communicated only in writing, and his writing showed he was not in touch with reality; he did not show aggressive behavior or expression of suicidal or homicidal ideation in his writing. Dr. Ulloa further stated that seclusion, observation status, and minor tranquilizers were unsuccessful in influencing his behavior. Brown had isolated himself and had progressively deteriorated mentally. He refused voluntary mental treatment.
 
 
 3
 The magistrate judge[2] appointed counsel for Brown and granted counsel's motion for a separate mental examination. Brown objected to the appointment of counsel, claiming he was competent to represent himself.
 
 
 4
 The psychologist appointed to conduct a separate examination submitted his report stating that Brown ignored him when he visited him. Although he had little data with which to assess Brown's mental status, the psychologist stated that he had no information which could contradict previous impressions that Brown was suffering from a mental disease or defect requiring treatment.
 
 
 5
 Following a hearing, at which Brown chose not to appear but at which his counsel was present, the magistrate judge concluded that, on the basis of the unanimous expert opinion, Brown suffered from a mental disease or defect and should be committed for treatment until he was no longer in need of treatment or until the expiration of his sentence, which ever first occurs. The district court agreed and ordered Brown committed to the custody of the Attorney General under § 4245.
 
 
 6
 In his notice of appeal Brown stated that he did not have an opportunity to participate in the proceedings. He acknowledged receiving notice of the hearing, but stated he did not wish to attend. In his brief, Brown states that the staff attempted to coerce him to sign blank forms and that he was denied all tests because the staff refused to write things down. Brown contends that he is not suffering from mental disease and that the government would have learned this had it been willing to communicate in writing.
 
 
 7
 A finding under 18 U.S.C. § 4245 that a prison inmate suffers from a mental disease or defect is a finding of fact and, as such, is subject to clear error review. United States v. Steil, 916 F.2d 485, 487 (8th Cir. 1990). Under § 4245(d), the district court must find "by a preponderance of the evidence that the person is presently suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility."
 
 
 8
 On the basis of the medical reports submitted, the district court's findings were not clearly erroneous. Brown's contention that he could not participate in the proceedings is without merit because he had the opportunity to participate and refused.
 
 
 9
 Accordingly, we affirm the district court's judgment.
 
 
 
 [1]
 The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri
 
 
 [2]
 The Honorable James C. England, United States Magistrate Judge for the Western District of Missouri